IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | |
|---|---|
| CHANDRA ANAND<br>19909 Knollcross Drive<br>Germantown, Maryland 20876<br><br>and<br><br>RENU ANAND<br>19909 Knollcross Drive<br>Germantown, Maryland 20876<br><br>*Plaintiffs*<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC<br>2711 Centerville Road, Suite 400<br>Wilmington, Delaware 19808<br>   Serve: CSC-Lawyers Incorporating<br>          Service Company<br>          7 St. Paul Street, #1660<br>          Baltimore, Maryland 21202<br><br>and<br><br>DEUTSCHE BANK NATIONAL TRUST CO.<br>   individually and as trustee for<br>   Saxon Asset Securities Trust 2007-2<br>Mail Stop NYC 60-3012<br>300 S. Grand Avenue, 41st Floor<br>Los Angeles, California 90071<br><br>*Defendants* | Case No: 373080<br><br>COMPLAINT<br><br>RECEIVED<br>FEB 04 2013<br>Clerk of the Circuit Court<br>Montgomery County, Md. |

## COMPLAINT

Come now the Plaintiffs, Chandra Anand and Renu Anand (hereinafter "Plaintiffs"), by and through their counsel, Douglas N. Gottron and Morris Palerm, LLC, and brings suit against

Ocwen Loan Servicing, LLC ("Ocwen") and Deutsche Bank National Trust Company ("Deutsche Bank"), individually and as trustee for Saxon Asset Securities Trust 2007-2 (the "Trust"), and, in furtherance thereof, states and avers as follows:

## I. JURISDICTION AND VENUE

1. This court has jurisdiction over the subject matter of this action pursuant to Md. Cts. & Jud. Proc. Code Ann. Sections 1-501, 3-403 and 4-402; in that this is a civil action within the original jurisdiction of the Court and the amount in controversy is within its jurisdictional threshold.

2. This court has personal jurisdiction over Defendants in this action pursuant to Md. Cts. & Jud. Proc. Code Ann. Section 6-103 because Defendants, acting alone and in concert with each other, (1) engaged in conduct in State and/or having in State repercussion to many State residents; and/or (2) caused the tortious injuries set forth herein by acts and/or omissions in the State of Maryland; and/or (3) caused the tortious injuries set forth herein by acts and/or omissions outside the State of Maryland, collectively, whilst (a) regularly engaged in soliciting business and/or (b) engaged in a persistent course of conduct in the State of Maryland and/or (c) deriving substantial revenue from goods and/or services used or consumed in the State of Maryland and/or (d) deriving substantial revenue and/or other benefit relative to providing and/or using computer information and/or computer programs within the meaning set forth in Md. Cts. & Jud. Proc. Code Ann. Section 6-103; and/or (4) have an interest in, use and/or possess real property in the State of Maryland.

3. Venue is proper in the Circuit Court for Montgomery County pursuant to Md. Cts. & Jud. Proc. Code Ann. Sections 6-202 and 6-203 in that this is an action regarding interests in real property located within Montgomery County, Maryland.

## II. PARTIES

4. Plaintiffs, now and at all times relevant to this action, are and were residents of Montgomery County, State of Maryland residing at certain improved real property known as:

> Lot No. 21, in Block lettered E, as shown on Plat entitled "LOTS 14-21, PARCEL C - BLOCK E, KINGS SQUARE," which plat is recorded among the Land Records of Montgomery County, Maryland, in Plat Book 153, at Plat 17389;

said property being located at 19909 Knollcross Drive, Germantown, Maryland 20876 (the "Property").

5. Ocwen is the loan servicer for a certain loan originated on January 23, 2007, in which Plaintiffs borrowed $500,000.00 from Saxon Mortgage, Inc., doing business as Saxon Home Mortgage (the "Loan"). Ocwen is a Delaware corporation licensed to do business in the State of Maryland and maintains a principal place of business as set forth in the caption hereto.

6. Deutsche Bank is trustee for Saxon Asset Securities Trust 2007-2 ("the Trust"), a trust into which the note evidencing Plaintiffs' Loan has been assigned. Deutsche Bank is a federal savings bank chartered by the laws of the United States of America having a principal place of business as set forth in the caption hereto.

## COUNT I: QUIET TITLE

7. On January 23, 2007, Plaintiffs settled on a loan having a principal balance of $500,000.00, originated by Saxon Mortgage, Inc., doing business as Saxon Home Mortgage (the "Loan"). During said transaction, they executed a promissory note ("Note") and Deed of Trust securing Saxon Mortgage, Inc. for repayment on said Note; said Deed of Trust being dated January 23, 2007 and recorded February 12, 2007 in Liber 33805 at folio 125 among the Land Records of Montgomery County, Maryland. Said Deed of Trust is a first lien against Plaintiffs' legal interests in the Property.

8. On an unknown date after origination of the Loan, it is believed and is therefore alleged that the Note was assigned by Saxon Mortgage, Inc. directly unto Deutsche Bank as trustee for the Trust.

9. Ocwen and Deutsche Bank maintain various insurance benefits for and on behalf of the Trust, which insurance benefits are triggered upon the default of any particular loan held by the Deutsche Bank for and on behalf of the Trust. In accord, Plaintiff's Note, held by Deutsche Bank as said, has been paid off, in whole.

10. Pursuant to the terms of the Deed of Trust,

> Upon payment of all sums secured by this Security Instrument, Lender or Trustee, ***shall*** release this Security Instrument and mark the Note "paid" and return the Note to Borrower.[1]

11. For the aforesaid reasons, it is believed that the Defendants do not hold any interest in and to the Property.

12. Plaintiffs seeks to remove any cloud from their title to the Property resulting from any claim as may be asserted by the Defendants, or any one of them and/or their assignees, in and to Plaintiffs' Property.

WHEREFORE, Plaintiff respectfully prays unto this honorable Court as follows:

(1) That the Court issue an Order declaring the interests held by the parties hereto in and to the Property;

(2) That the Court issue an Order declaring that the Defendants, and each of them and their assigns, have no estate, right, title, lien and/or interest in or to the Property or any part thereof;

---

[1] Deed of Trust, page 11 of 12, ¶ 23 (emphasis supplied).

(3) That the Court issue an Order requiring the Defendants to issue a release of the lien imposed by virtue of the aforesaid Deed of Trust for the reason that "payment of all sums secured by [the] Security Instrument" has heretofore occurred;

(4) That the Court issue an Order permanently enjoining the Defendants, and each of them and their assigns, from instituting any action in foreclosure relative to Plaintiff's alleged default under the terms of the Note; and,

(5) For such other and further relief as may be deemed just and proper under the circumstances.

## CERTIFICATION

We do solemnly declare and affirm under the penalties of perjury that the contents of the foregoing Complaint are true and correct to the best of our knowledge, information and belief.

Date: 02/04/2013

Chandra Anand

Date: 2/4/2013

Renu Anand

Respectfully submitted,

Douglas N. Gottron
Morris Palerm, LLC
416 Hungerford Drive, Suite 315
Rockville, Maryland 20850
Tel: (301) 424-6290
Fax: (301) 424-6294
eMail: dgottron@morrispalerm.com
*Counsel for Plaintiff*