IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHANDRA ANAND, et al. | * | |
| Plaintiffs | * | |
| | | Civil No. RWT 13-843 |
| v. | * | |
| OCWEN LOAN SERVICING, LLC, et al. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Deutsche Bank National Trust Company, as Trustee for Saxon Asset Securities Trust 2007-2 Mortgage Loan Asset Backed Certificates, Series 2007-2 ("Deutsche Bank") (collectively referred to as "Defendants"), by and through its undersigned counsel, hereby submits this memorandum of law in support of its Motion to Dismiss Plaintiff's Complaint and states as follows:

### INTRODUCTION

Plaintiffs Chandra Anand and Renu Anand ("Plaintiffs") are borrowers who defaulted in the repayment of their mortgage, which resulted in Defendants initiating foreclosure proceedings on the real property which served as collateral for the loan. In the present Motion, Defendants move to dismiss Plaintiffs' Complaint (the "Complaint") because Plaintiffs have failed to plead any cognizable cause of action. Instead, Plaintiffs' Complaint is their third attempt to stall the foreclosure sale of the Subject Property and is predicated on meritless allegations regarding insurance proceeds paid to the Defendants following Plaintiffs' default on their mortgage loan. The crux of this matter is simple: Plaintiffs obtained a mortgage loan secured by the Subject

Property, defaulted on the Subject Loan, and having enjoyed the benefits of that transaction, now seek to avoid its burdens. Accordingly, for the reasons cited below, Plaintiffs fail to plead any cognizable cause of action against Defendants and Plaintiffs' Complaint must be dismissed with prejudice.

## STATEMENT OF FACTS

This lawsuit involves real property located at 19909 Knollcross Drive, Germantown, Maryland 20876 (the "Subject Property"). On or about January 23, 2007, Plaintiffs refinanced the Subject Property and obtained a mortgage loan from Saxon Mortgage, Inc. d/b/a Saxon Home Mortgage ("Saxon Mortgage") in the original principal amount of Five Hundred Thousand and No/100 Dollars ($500,000.00) (the "Subject Loan"). To secure repayment of the Subject Loan, Plaintiffs executed a Deed of Trust to Saxon Mortgage and it's successors and assigns (the "Deed of Trust"). The Deed of Trust was recorded in the Land Records of Montgomery County, Maryland on February 12, 2007 at Deed Book 33805, Page 125. A copy of the Deed of Trust is attached hereto as **Exhibit "A."**[1]

The Deed of Trust provides that upon default by Plaintiffs, the lender or its assigns has the right to accelerate the debt and provides a power of sale enabling the lender or its assigns to foreclose on the Subject Property. *See* Exhibit "A", ¶ 22. The Deed of Trust was subsequently assigned by Saxon Mortgage to Deutsche Bank.

Plaintiffs ultimately defaulted on the repayment of the Subject Loan. Since that time, Plaintiffs have used the courts as a vehicle to avoid their obligation to repay the Subject Loan

---

[1] This Court can take judicial notice of the Deed of Trust. *Secretary of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) ("In reviewing the dismissal of a complaint under Rule 12(b)(6), we may properly take judicial notice of matters of public record."); citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir.2004); *Papasan v. Allain*, 478 U.S. 265, 268 n. 1, (1986)."

and to avoid foreclosure on the Subject Property. On December 30, 2008, Plaintiffs filed an action in the Circuit Court for Montgomery County, Maryland alleging causes of action for negligence, violations of the Truth-in-Lending Act and fraud. Upon the filing of an action to foreclose on the Subject Property, the two matters were consolidated and the trial court dismissed Plaintiffs' action with prejudice on April 22, 2010. At the time of the dismissal, the Subject Property was scheduled to be sold at a foreclosure sale on June 16, 2010.

On June 10, 2010, Plaintiffs made another attempt to thwart the foreclosure sale of the Subject Property by filing a second action in the Circuit Court for Montgomery County, Maryland asserting claims of negligence and mortgage fraud against Saxon Mortgage and other defendants along with seeking a temporary restraining order of the foreclosure sale. On June 15, 2010, the court denied Plaintiffs' request for a temporary restraining order and set the matter for hearing. As a result, the June 16, 2010 foreclosure sale of the Subject Property was cancelled. Ultimately, the court went on to deny Plaintiffs' motion for a preliminary injunction and entered an order on August 20, 2010. Plaintiffs appealed the matter to the Court of Special Appeals of Maryland, which entered an order affirming the trial court's order on April 3, 2010. A copy of the appellate order is attached to this Motion as **Exhibit "B."** (Court can take judicial notice, see Footnote 1, *supra*.) Upon remand to the lower court, Defendants' re-filed their motion to dismiss. However, just prior to the scheduled hearing, Plaintiffs' voluntarily dismissed the matter and filed the instant action.

Plaintiffs are now attempting to stall the foreclosure sale of the Subject Property for the third time through the filing of their Complaint in Montgomery County, Maryland on February 4, 2013. Defendants subsequently removed the action to this Court on March 20, 2013. Plaintiffs' Complaint is nothing more than an additional attempt to delay the lawful foreclosure sale of the

Subject Property. Plaintiffs have failed to state any claim against the Defendants upon which they are entitled to relief. Plaintiffs' Complaint contains one count to quiet title to the Subject Property, but fails to satisfy the requisite elements under Maryland law. Furthermore, Plaintiffs make allegations regarding the receipt of "insurance proceeds" by the Defendants, which they contend entitles them to a satisfaction of the Deed of Trust. However, such claims are baseless and have been uniformly rejected by this Court and other courts within the Fourth Circuit. Accordingly, Plaintiffs' Complaint should be dismissed with prejudice.

**STANDARD OF REVIEW**

Under Fed.R.Civ.P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A Fed. R. Civ. P. 12(b)(6) motion tests the legal sufficiency of a complaint. Dismissal is appropriate when the non-moving party fails to state facts supporting each of the elements of their asserted claims. *See Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002).

A complaint must be dismissed if it does not allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" in order to survive a motion to dismiss. *Id.* at 555. Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference. *See Id.* (stating that "courts are not bound to accept as true a legal conclusion couched as a factual allegation") (citations omitted).

To survive a Fed.R.Civ.P. 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Id.*

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). On a spectrum, the plausibility standard requires that the pleader show more than a "sheer possibility" of success, although it does not impose a "probability requirement." *Id.* Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## ARGUMENT AND CITATION TO AUTHORITY

I. **Plaintiffs' Arguments Regarding Insurance Benefits Fail As A Matter Of Law**

    A. **Plaintiffs' Claims Do Not Rise Above The "Speculative Level" And Fail As A Matter Of Law.**

Plaintiff's Complaint alleges a single cause of action to quiet title to the Subject Property. However, instead of pleading a quiet title claim, Plaintiffs interpose a rambling argument that Plaintiffs' "title" to the Subject Property has been clouded due to alleged "insurance benefits" that were paid to Deutsche Bank upon Plaintiffs' default under the Subject Loan. *See* Complaint, ¶¶ 9-11. Plaintiffs contend that Deutsche Bank's receipt of these alleged "insurance benefits" triggers a clause in the Deed of Trust requiring Deutsche Bank to satisfy the Deed of Trust and vesting complete title in the Subject Property to the Plaintiffs. *See* Complaint, ¶¶ 9-12.

The argument regarding the alleged receipt of insurance proceeds is becoming increasingly popular among borrowers in Maryland courts. *See generally Vandi v. JP Morgan Chase Bank, N.A.*, 2012 U.S. Dist. LEXIS 133972 (D. Md. Sept. 19, 2012). In *Vandi*, the plaintiffs sought declaratory and injunctive relief based upon the allegations that the defendants received insurance benefits when plaintiffs defaulted under their mortgage loan. *Id*, at *3. In granting the defendants' motion to dismiss, the court held that the plaintiffs' claims failed to raise a right to relief "above the speculative level" as required under federal pleading standards. *Id.*, at

*3 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Moreover, the court found that plaintiffs failed to "[nudge] their claims across the line from conceivable to plausible" as they failed to identify any material terms regarding the alleged insurance proceeds received by the defendants, including any amounts paid under the policy. *Id.*, at *3.

Plaintiffs' Complaint mirrors the speculative allegations raised in *Vandi*. At its core, Plaintiffs have failed to allege that insurance was even purchased by the Defendants or that such insurance would provide coverage to the Subject Property. Furthermore, Plaintiffs have failed to identify the parties to the alleged insurance policy, any terms of the alleged policy, whether Deutsche Bank made a claim under the policy, whether any amounts were tendered by the insurer and, if so, how much was received by Deutsche Bank. Finally, Plaintiffs fail to disclose how their indebtedness under the Subject Loan was discharged by the payment of the "insurance benefits" to Deutsche Bank. The existence of insurance and its applicability to the Subject Property remains highly speculative and fails to meet the federal pleading standards set forth in *Iqbal* and *Twombly*, as discussed *supra*. Accordingly, Plaintiff's Complaint must be dismissed with prejudice.

### B. Plaintiffs' Contention That They Should Be Discharged From The Subject Loan Is Without Merit.

As a result of the alleged "insurance benefits" received by Deutsche Bank following Plaintiffs' default under the Subject Loan, Plaintiffs allege that all of their obligations under the Subject Loan have been dismissed and Defendants no longer hold any interest in the Subject Property. Complaint, ¶¶ 10-11. However, this argument also fails.

The argument that a borrower is discharged from its obligation based upon a lender's receipt of insurance proceeds has been repeatedly rejected by this Court and others within the Fourth Circuit. *See Flores v. Deutsche Bank Nat. Trust Co.*, 2012 U.S. Dist. LEXIS 67255 (D.

Md. July 7, 2010) (holding that "[A]lthough plaintiff's default may have triggered insurance for any losses caused by that default, she is not discharged from the promissory notes themselves"); *see generally Vandi v. JP Morgan Chase Bank, N.A.*, 2012 U.S. Dist. LEXIS 133972 (D. Md. Sept. 19, 2012). Other courts in the Fourth Circuit also agree with this holding. *See Ruggia v. Washington Mut.*, 719 F. Supp. 2d 642, 647 (E.D. Va. 2010) ("Plaintiff provides no factual or legal basis, and the Court finds none, to support his contention that because Plaintiff's default triggered insurance for any losses caused by that default . . . he is discharged from the promissory notes and the Property is released from the deeds of trust"). Even if a lender had received insurance proceeds following a borrower's default, the borrower's obligations under the note would not be extinguished due to the insurer's right of subrogation under the promissory note and deed of trust. *See In re Schubert*, 437 B.R. 787, 792 (Bankr. D. Md. 2010).

Plaintiffs have made no allegations that they paid for the alleged insurance policy, that they are intended third party beneficiaries of any insurance policy maintained by Deutsche Bank, and have not pled any reason as to why they are entitled to its benefits. In support of their claim, Plaintiffs merely cite to a provision of the Deed of Trust regarding the satisfaction of the Deed of Trust upon payment of all sums under the Subject Loan. *See* Complaint, ¶ 10. Although Plaintiff's make this frivolous argument with hopes of avoiding foreclosure of the Subject Property and to receive the Subject Property without paying for it, it is contrary to Maryland and other law within the Fourth Circuit. As a result, Plaintiffs' Complaint fails to state a claim and shall be dismissed.

### C. Plaintiffs Remain Personally Liable Under The Subject Loan.

Plaintiffs are mistaken that they have no personal obligations under the Subject Loan if the Defendants received insurance proceeds. As part of the Subject Loan, Plaintiffs signed a

promissory note agreeing to pay the Subject Loan to Saxon Mortgage and it's successors and assigns. *See* Exhibit "A." The Deed of Trust expressly secures the Note and the performance of the Plaintiffs' obligations thereunder. *See* Exhibit "A", pgs. 2, 11. Moreover, the Deed of Trust is only to be satisfied after all payments under the Subject Loan are received. *Id.* at ¶ 23. This is true even if the Defendants had received the "insurance benefits" as alleged by the Plaintiffs. *See generally Henceroth v. HSBC Mortg. Corp.*, 2013 U.S. Dist. LEXIS 4157 (D. Md. January 10, 2013).

Plaintiffs' argument that their obligations under the Subject Loan entitles them to the Subject Property for free defies logic. Plaintiffs have not paid off the Subject Loan and have not been discharged from their obligations under the Subject Loan. Awarding Plaintiffs clear title to the Subject Property upon the receipt of insurance proceeds is contrary to the express language of the Deed of Trust and, furthermore, would award Plaintiffs a windfall of monumental proportions. As such, Defendants are under no obligation to satisfy the Deed of Trust and the Complaint must be dismissed.

II.     **Plaintiffs' Complaint To Quiet Title Fails As A Matter Of Law.**

In the event that the Court finds that Plaintiffs' arguments regarding insurance benefits satisfy acceptable pleading standards, Plaintiffs' Complaint to quiet title still fails as it fails to comport with the statutory requirements under Maryland law.

The purpose of an action to quiet title is to "protect the owner of legal title 'from being disturbed in his possession and from being harassed by suits in regard to his title by persons setting up unjust and illegal pretensions ...'" *Porter v. Schaffer*, 126 Md. App. 237, 260-261 (Md. App. 1999). Pursuant to Md. Code Ann., Real Prop. § 14-108(a), a person in "actual peaceable possession of property" may sue to quiet title when "his title to the property is denied

or disputed, or when any other person claims ... to own the property ... or hold any lien or encumbrance on it." However, a quiet title claim may not be brought if an action is "pending to enforce or test the validity of the title, lien, encumbrance, or other adverse claim." *Id.* In pressing such a claim, the plaintiff has the burden of establishing both possession and legal title by "clear proof." *Porter*, 126 Md. App. at 260; *see also Stewart v. May*, 111 Md. 162, 173 (1909); *Polk v. Pendleton*, 31 Md. 118, 124 (1869) (stating that the claimant must prove "clear legal and equitable title to land connected with possession").

Plaintiffs are wholly prohibited from asserting a claim for quiet title against the Defendants. As set forth in Md. Code Ann, Real Prop. § 14-108(a), a quiet title claim may not be asserted if an action is "pending to enforce or test the validity of the title, lien, encumbrance, or other adverse claim." Md. Code Ann., Real Prop. § 14-108(a). As there is a pending action to foreclose on the Subject Property, Plaintiffs may not assert a quiet title action.

Furthermore, there is no dispute that Plaintiffs executed the Subject Loan and Deed of Trust. *See* Complaint, ¶ 7. Plaintiffs have not pled that they are entitled to a rescission of the Subject Loan nor is there anything in the record of this Court to support such an assertion. *See generally Void v. OneWest Bank*, 2011 U.S. Dist. LEXIS 82370 (D. Md. July 27, 2011). Rather, Plaintiffs are making a last gasp attempt to stall the lawful foreclosure sale of the Subject Property. Nonetheless, their claim to quiet title is futile under Maryland law. As such, Plaintiffs' Complaint should be dismissed with prejudice.

## CONCLUSION

WHEREFORE, Defendants request that this Court dismiss Plaintiffs' Complaint under Fed. R. Civ. P. 12(b)(6) as Plaintiffs have failed to state a claim and their allegations are based upon conclusions and pure speculation that are supported by neither fact or law.

Respectfully submitted,

_____/s/_____
Christopher M. Corchiarino (Bar No. 27844)
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
Telephone: 410-783-4038
Facsimile: 410-783-4040
cxc@gdldlaw.com

*Attorneys for Defendants*
*Deutsche Bank National Trust Co., individually and as Trustee for Saxon Asset Securities Trust 2007-2 and Ocwen Loan Servicing, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 26th day of March, 2013, a copy of the foregoing was mailed first class, postage prepaid to:

Douglas N. Gottron
Morris Palerm, LLC
416 Hungerford Drive, Suite 315
Rockville, Maryland 20850

*Attorneys for Plaintiff*

_____/s/_____
Christopher M. Corchiarino