IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| CHANDRA ANAND, *ET UX.* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *vs.* | ) | Case No: RWT 13-843 |
| | ) | |
| **OCWEN LOAN SERVICING, LLC** | ) | |
| | ) | |
| *ET AL.* | ) | |
| | ) | |
| *Defendants* | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' OPPOSITION TO THE MOTION TO DISMISS SUBMITTED BY OCWEN LOAN SERVICING, LLC AND DEUTSCHE BANK NATIONAL TRUST COMPANY**

Come now the Plaintiffs, Chandra Anand and Renu Anand ("Plaintiffs"), by and through their counsel, Douglas N. Gottron and Morris Palerm, LLC, and submit this Memorandum in support of their Opposition to the Motion to Dismiss Submitted by Ocwen Loan Servicing, LLC ("Ocwen") and Deutsche Bank National Trust Company ("Deutsche Bank"), individually and as Trustee for the Saxon Asset Securities Trust 2007-2 ("Trust") (Ocwen, Deutsche Bank and the Trust being collectively referred to herein as the "Defendants"), and, in furtherance thereof, state and aver as follows:

**STATEMENT OF THE CASE**

Plaintiffs generally oppose the Statement of Facts set forth in Defendants Memorandum ("Memorandum") submitted in support of their Motion to Dismiss. Restating the factual

background in support of this action, Plaintiffs state as follows.

On January 23, 2007, Plaintiffs settled on a loan having a principal balance of $500,000.00, originated by Saxon Mortgage, Inc., doing business as Saxon Home Mortgage (the "Loan"). During said transaction, they executed a promissory note ("Note") and Deed of Trust securing Saxon Mortgage, Inc. for repayment on said Note; said Deed of Trust being dated January 23, 2007 and recorded February 12, 2007 in Liber 33805 at folio 125 among the Land Records of Montgomery County, Maryland. Said Deed of Trust is a first lien against Plaintiffs' legal interests in the Property. On an unknown date after origination of the Loan, the Note was assigned by Saxon Mortgage, Inc. directly unto Deutsche Bank as trustee for the Trust.

Ocwen and Deutsche Bank maintain various insurance benefits[1] for and on behalf of the Trust, which insurance benefits are triggered upon the default of any particular loan held by Deutsche Bank for and on behalf of the Trust. In their Complaint, Plaintiffs have asserted that the Note evidencing their loan transaction "has been paid off, in whole."[2] In support of Plaintiffs' allegation, Plaintiffs would refer the Court to the Affidavit of William J. Paatalo (which, together with Exhibits A through E referenced therein, is attached hereto as "Exhibit 1"). Mr. Paatalo is a Certified Forensic Mortgage Loan Auditor and acknowledged expert in areas to include mortgage lending and the securitization of residential and commercial mortgage loans. Mr. Paatalo was retained by Plaintiffs to "provide evidence pertaining to the securitization

---

[1] Said insurance benefits include various monoline, multiline and/or other forms of "pool insurance" or mortgage guarantee insurance (collectively "Insurance") and/or various forms of credit enhancement mechanisms and/or credit default swaps that act for and on behalf of the Trust as insurance mechanisms covering defaulted loans assigned into the Trust.

for and/or on behalf of the Trust

[2] Complaint, p.4, ¶ 9.

*Memorandum in Support of Plaintiffs*
*Opposition to Motion to Dismiss*                                                                                            Page 2 of 11

[the subject] loan...[and] was also asked to conduct an investigation into any potential defects or deficiencies pertaining to the chain of title."[3] Pursuant to Mr. Paatalo's examination of the Anand loan, he concludes that "(t)he Trust shows the subject loan was 'paid off' in 'June of 2012' with zero [losses];"[4] and, further opined that "I was asked if l had an opinion as to whether or not a debt obligation exists between Mr. Anand and the 'SAST 2007-2 Trust.' My opinion is no."[5]

Lastly, Plaintiffs take extreme umbrage to Defendants recasting Plaintiffs various legal actions described *ad nauseum* in Defendants' "Statement of Facts" and/or in having "used the courts as a vehicle to avoid their obligation to repay the Subject Loan."[6] Plaintiffs are not attempting to stall any foreclosure sale of their subject property as, indeed, there is no pending foreclosure action.[7] Plaintiffs are exercising a right to which they are entitled pursuant to the terms of the operative Deed of Trust filed as a lien against the subject property which states that "(u)pon payment of all sums secured by this Security Instrument, Lender or Trustee, *shall* release this Security Instrument and mark the Note "paid" and return the Note to Borrower.[8]

## STANDARD OF REVIEW

---

[3] Exhibit 1, p.3, ¶ 10.

[4] As set forth in the Paatalo Affidavit at p.3, ¶ 13, "Exhibit C- Loan level history I data within the SAST 2007-2 Trust. Subject loan is# 914. The data runs perpendicular in the additional pages of the exhibit.  The Trust shows the subject loan was "paid off' in "June of 2012" with zero "Current and Cumulative Loss."

[5] Paatalo Affidavit, p.3, ¶ 12.

[6] Defendants' Memorandum at pp.2-3.

[7] There was a foreclosure action previously pending in the Circuit Court for Montgomery County, Maryland, styled as *John S. Burson, et al. vs. Chandra Anand*, et ux., Civil No. 307510V.  Said action was dismissed voluntarily by the substitute trustees, on behalf of the lender, pursuant to motion.  Said motion to dismiss was granted by the Circuit Court pursuant to order entered January 30, 2013.

[8] Deed of Trust, page 11 of 12, ¶ 23 (emphasis supplied).

In any motion to dismiss for an alleged failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), the court must assume all well-pled facts to be true. *Trulock v. Freeh*, 275 F.3d 391, 399 (4th Cir. 2001); and, must draw all reasonable inferences in favor of the plaintiff, *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). All well-pled facts must be construed in a light most favorable to the plaintiff. *Adcock v. Freightliner LLC*, 550 F.3d 369, 374 (4th Cir. 2008). However, legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes. See *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Further, the court need not accept legal conclusions drawn from the facts, nor must the court accept as true unwarranted inferences, unreasonable conclusions or arguments. *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009)*; Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

Construing the Supreme Court's decision in *Iqbal*, *supra*, the 4th Circuit Court of Appeals has stated:

> Ultimately, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Facial plausibility is established once the factual content of a complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, the complaint's factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims "'across the line from conceivable to plausible.'" *Id.* at 1952 (quoting *Twombly*, 550 U.S. at 570).
>
> Satisfying this "context-specific" test does not require "detailed factual allegations." *Id.* at 1949-50 (quotations omitted). The complaint must, however, plead sufficient facts to allow a court, drawing on "judicial experience and common sense," to infer "more than the mere possibility of misconduct." *Id.* at 1950. Without such "heft," *id.* at 1947, the plaintiff's claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability," *id.* at 1949, fail to nudge claims "across the line

from conceivable to plausible." *Id.* at 1951 (quotations omitted).

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250 (2009).

## ARGUMENT

**I.    Plaintiffs Have Set Forth a Sufficient and Plausible Cause of Action as a Matter of Law**

Pursuant to the Maryland quiet title statute set forth in Md. Real Property Code Ann. § 14-108 (2012):

> (a) Conditions. -- <u>Any person in actual peaceable possession of property</u>, or, if the property is vacant and unoccupied, in constructive and peaceable possession of it, either under color of title or claim of right by reason of his or his predecessor's adverse possession for the statutory period, when his title to the property is denied or disputed, or <u>when any other person claims</u>, of record or otherwise to own the property, or any part of it, or <u>to hold any lien encumbrance on it, regardless of whether or not the hostile outstanding claim is being actively asserted, and if an action at law or proceeding in equity is not pending to enforce or test the validity of the title, lien, encumbrance, or other adverse claim, the person may maintain a suit in equity in the county where the property lies to quiet or remove any cloud from the title</u>, or determine any adverse claim.
>
> (b) Proceeding. -- ***The proceeding shall be deemed in rem or quasi in rem so long as the only relief sought is a decree that the plaintiff has absolute ownership and the right of disposition of the property, and an injunction against the assertion by the person named as the party defendant, of his claim by any action at law or otherwise.*** Any person who appears of record, or claims to have a hostile outstanding right, shall be made a defendant in the proceedings.

Md. Real Property Code Ann. § 14-108 (2012) (emphasis supplied)

As acknowledged by the Defendants, "Plaintiffs Complaint alleges a single cause of action to quiet title to the Subject Property;"[9] and, accordingly and pursuant to statute, "(t)he proceeding shall be deemed in rem or quasi in rem."[10] *Id.* The allegation raised by Defendants

---

[9] Defendants' Memorandum, p.5.

that Plaintiffs continue to owe on their loan obligation, an *in personam* obligation, is made entirely irrelevant by statute. The only relief sought by Plaintiffs is, essentially, a determination of the interests of the parties to the subject Property and injunction against the Defendants from asserting any claim against the Plaintiffs under and by virtue of the Deed of Trust. Accordingly, this "*in rem*" or "*quasi in rem*" proceeding renders irrelevant Plaintiffs personal obligations under the terms of their Note. This is a matter of first impression before this Court.

Defendants provide argument via case law having no precedential value that is, additionally, inapposite to this proceeding. For example, reliance upon *Vandi v. JP Morgan Chase Bank, N.A.*, 2012 U.S. Dist. LEXlS 133972 (U. Md. Sept. 19, 2012) misguides this Court. *Vandi* concerned an action in which the plaintiffs sought declaratory and injunctive relief based upon allegations that the defendants received insurance benefits when plaintiffs defaulted under their mortgage loan. In granting the defendants' *unopposed* motion to dismiss, the court held that the plaintiffs' claims failed to raise a right to relief "above the speculative level" as required under federal pleading standards. *Id.* As suggested by the Defendants herein, "the court found that plaintiffs failed to '[nudge] their claims across the line from conceivable to plausible' as they failed to identify any material terms regarding the alleged insurance proceeds received by the defendants, including any amounts paid under the policy.[11] Herein, Plaintiffs have provided direct proof *via* the Paatalo Affidavit that Plaintiffs' Note, assigned into the Trust, has, in fact, been paid in full. This is not conjecture. There are no smoke or mirrors. In consequence thereof and pursuant to the terms of the operative Deed of Trust, the lien imposed thereby "shall" be released. The precise mechanism by which Plaintiffs' loan was paid can and

---

[11]Defendants' Memorandum at pp.5-6 (citations omitted).

will be easily found during the discovery phase of this proceeding.  However, a failure to provide the mechanism by which payment of the loan occurred is, itself, irrelevant for purposes of the pending Motion to Dismiss.  As set forth by the Court of Appeals for the 4th Circuit, the court must assume all well-pled facts to be true.  *Trulock v. Freeh*, 275 F.3d 391, 399 (4th Cir. 2001).

Equally, a failure "to allege that insurance was even purchased," or that such insurance covered the Subject Property, or what the premiums may have been, or that the Defendants maintained pertinent premiums without default, when pertinent premiums came due, who mailed the premium payments, whether a claim was made under the policy, when that claim may have been made, the name of the person having possession of the policy, where the policy was kept, *etc., etc.*,[12] and all similar such notions are mere collective diversions from the simple allegations that Plaintiffs have sufficiently pled in their Complaint.  The facts alleged by Plaintiffs are simple, straightforward and not subject to misinterpretation - "Ocwen and Deutsche Bank maintain various insurance benefits for and on behalf of the Trust, which insurance benefits are triggered upon the default of any particular loan held by the Deutsche Bank for and on behalf of the Trust.  In accord, Plaintiffs' Note, held by Deutsche Bank as said, has been paid off, in whole."[13]  The Paatalo Affidavit provides direct evidence that said Note has been paid off, as alleged.

Equally inapposite is the holding in *Flores v. Deutsche Bank Nat'l Trust Co.*, 2010 U.S. Dist. LEXIS 67255 (D. Md. July 7, 2010).  Therein, the Court stated:

> (A)lthough creative, Plaintiff's arguments on standing are meritless because Defendants

---

[12] See Defendants' Memorandum at p.6.

[13] Plaintiffs' Complaint, p.4, ¶ 9.

>have not been paid the amount owed on the Note. The fact that Plaintiff's mortgage may have been combined with many others into a securitized pool on which a credit default swap, or some other insuring-financial product, was purchased, does not absolve Plaintiff of responsibility for the Note. That transaction by the holder of the Deed is separate from collecting on the Note itself. Thus, although Plaintiff's default may have triggered insurance for any losses caused by that default, she is not discharged from the promissory notes themselves.

Plaintiffs are, indeed, not arguing that their personal obligation on the loan has somehow been absolved. Plaintiffs do, however, suggest that such a notion is entirely irrelevant, by statute, to the relief they request. To the extent a third party insurer paid benefit unto the Trust relative to Plaintiffs loan default, certainly and as suggested by the *Flores* Court, that party may come forward and claim a subrogated right to payment *via* separate action. However, that obligation, entirely personal in nature, is irrelevant to this *in rem* proceeding. If the Note assigned into Trust was paid in full, the holder of the Note is not entitled to payment in full a second time. The lien benefitting the Trust and holder of the Note should and must be released. Other holdings cited by Defendants fall for similar reasoning. See *Vandi v. JP Morgan Chase Bank, N.A.*, 2012 U.S. Dist. LEXIS 133972 (D. Md. Sept. 19, 2012); *In re Schubert*, 437 B.R. 787, 792 (Bankr. D. Md. 2010); *Ruggia v. Washington Mut.*, 719 F. Supp. 2d 642, 647 (E.D. Va. 2010).

    Plaintiffs reasoning is straighforward. The lien imposed by a Deed of Trust provides but another mechanism for the holder of a note to secure repayment of the obligation secured thereby. Once collection has occurred, irrespective of the source of funds, a second full payment runs afoul of notions of unjust enrichment...notwithstanding illegalities superimposed upon the Trust by virtue of it's tax exempt status under and pursuant to the Internal Revenue Code §§860A-G and provisions under the pertinent Pooling and Servicing Agreement governing the Trust. If the obligation, however, was repaid by a third party, it is the third party that is entitled

to repayment. Analogously, assume Party A orders and obtains a hamburger from McDonald's but, through oversight, left his wallet in his car. Party B, a bystander and good samaritan, offers and pays the McDonald's clerk for Party A's hamburger. The McDonald's clerk accepts payment from Party B but claims that McDonald's is additionally entitled to payment from Party A for the reason that Party A is the responsible obligor. Is McDonald's entitled to a second full payment? Neither should the Defendants herein.

## II. Contractual Notions of IntendedThird Party Beneficiary Status are Irrelevant

Defendants muddy Plaintiffs' simple argument by suggesting a supposed inability to claim intended third party beneficiary status relative to the insurances maintained by the Trust. Plaintiffs have not brought suit to enforce a third party right whereby such a notion may have substance. Plaintiffs' claims relate strictly to the status of the subject property - an *in rem* quality.

## III. There is no Action Pending That Would Bar Plaintiffs' Action as a Matter of Law

Defendants posit, correctly and pursuant to Md. Real Property Code Ann. § 14-108(a), a quiet title claim may not be maintained if an action is "pending to enforce or test the validity of the title, lien, encumbrance, or other adverse claim." However, there is no action pending to foreclose on the subject property.[14] Accordingly, there is no bar to Plaintiffs' maintenance of this action.

---

[14] As heretofore set forth, there was a foreclosure action previously pending in the Circuit Court for Montgomery County, Maryland, styled as *John S. Burson, et al. vs. Chandra Anand*, et ux., Civil No. 307510V. Said action was dismissed voluntarily by the substitute trustees, on behalf of the lender, pursuant to motion. Said motion to dismiss was granted by the Circuit Court pursuant to order entered January 30, 2013.

**CONCLUSION**

The object of a bill to quiet title has long been recognized as an action to protect the owner of legal title "from being disturbed in his possession and from being harassed by suits in regard to his title by persons setting up unjust and illegal pretensions . . . ." *Textor v. Shipley*, 77 Md. 473, 475 (1893).  Plaintiffs have direct proof and expert testimony that their loan has been paid in full.  As set forth by William J. Paatalo in his Affidavit attached hereto, "(t)he Trust shows the subject loan was 'paid off' in 'June of 2012' with zero [losses];"[15] and, further opined that "I was asked if l had an opinion as to whether or not a debt obligation exists between Mr. Anand and the 'SAST 2007-2 Trust.' My opinion is no."[16]

For all of the reasons set forth herein and such others as may be set forth in hearing hereon, Plaintiffs have set forth a sufficient cause of action to quiet title on their subject property and are entitled to a release of the lien imposed by virtue of the pertinent Deed of Trust pursuant to the terms set forth therein.

---

[15] See Exhibit 1 attached hereto.  As set forth in the Paatalo Affidavit at p.3, ¶ 13, "Exhibit C- Loan level history I data within the SAST 2007-2 Trust. Subject loan is# 914. The data runs perpendicular in the additional pages of the exhibit.  The Trust shows the subject loan was "paid off' in "June of 2012" with zero "Current and Cumulative Loss."

[16] *Id.* at p.3, ¶ 12.

Respectfully submitted,

Dated:  April 16, 2013  /s/ Douglas N. Gottron
Douglas N. Gottron, Esq.
Morris Palerm, LLC
416 Hungerford Drive, Suite 315
Rockville, Maryland 20850
Tel: (301) 424-6290
Fax: (301) 424-6294
eMail: dgottron@morrispalerm.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing MEMORANDUM IN SUPPORT OF PLAINTIFFS OPPOSITION TO MOTION TO DISMISS was posted by regular United States mail, postage prepaid, and/or by electronic delivery this 16th day of April, 2013, to the following

Christopher M Corchiarino
Goodell DeVries Leech and Dann LLP
One South St., 20th Floor
Baltimore, MD 21202
Tel: (410) 783-4000
Fax: (410) 783-4040
Email: cxc@gdldlaw.com
*Counsel for Defendants*

Respectfully submitted,

/s/ Douglas N. Gottron
Douglas N. Gottron
Bar No. 06881
Morris Palerm, LLC