IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

CHANDRA ANAND, et al.                          *

     Plaintiffs                                    *
                               Civil No. RWT 13-843
v.                                              *

OCWEN LOAN SERVICING, LLC, et al.  *

     Defendants.                                   *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## REPLY IN SUPPORT OF MOTION TO DISMISS

Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Deutsche Bank National Trust Company, as Trustee for Saxon Asset Securities Trust 2007-2 Mortgage Loan Asset Backed Certificates, Series 2007-2 ("Deutsche Bank") (collectively referred to as "Defendants"), by and through their undersigned counsel, hereby submit this reply memorandum in support of their Motion to Dismiss Plaintiffs' Complaint and state as follows:

## SHORT RESTATEMENT OF RELEVANT FACTS

Defendants incorporate herein the facts and arguments contain in their opening memorandum in support of their Motion to Dismiss. (ECF No. 7.) For the Court's convenience, Defendants restate the following basic facts regarding this matter.

Plaintiffs Chandra Anand and Renu Anand ("Plaintiffs") are borrowers who defaulted in the repayment of their mortgage loan, which had an original principal amount of $500,000 (the "Subject Loan"). The Subject Loan is secured by a deed of trust, executed by Plaintiffs, in favor of the lender and its successors and assigns (the "Deed of Trust"). The Deed of Trust secures the Subject Loan with real property located at 19909 Knollcross Drive, Germantown, Maryland 20876 (the "Subject Property"). After Plaintiffs defaulted on the Subject Loan, Defendants

initiated foreclosure proceedings on the Subject Property.  This is Plaintiffs' third attempt to stop or delay foreclosure since they defaulted in 2008.

Plaintiffs' memorandum in opposition to Defendants' motion ("Plaintiffs' Opposition") does not change that the Complaint is subject to dismissal with prejudice for failure to plead any cognizable cause of action.  Claims based on a lender's alleged receipt of insurance proceeds have been uniformly rejected by courts in the Fourth Circuit, and Plaintiffs' claim, despite their protestations, is no different from these rejected claims.

## ARGUMENT AND CITATION TO AUTHORITY

As stated in Defendants' opening memorandum in support this Motion, Plaintiffs' Complaint is subject to dismissal with prejudice because Plaintiffs failed to state a claim for which relief can be granted.  First, Plaintiffs did not plead facts sufficient to raise above the speculative level of plausibility their theory that, through insurance proceeds paid to Defendants, Plaintiffs' mortgage loan had been paid in full, creating cloud on Plaintiffs' title to the Subject Property.  Second, even if Plaintiffs had sufficiently plead this theory, a lender's receipt of insurance proceeds for a defaulted debt does not discharge a borrower's debt or the accompanying lien.  Finally, because Plaintiffs cannot sufficient plead that they are entitled to rescission of the deed of trust securing their defaulted debt, Plaintiffs cannot sustain their claim for quiet title, the only claim they assert.

### A.    The *in rem* nature of Plaintiffs' claim does not save Plaintiffs' Complaint from Dismissal

Plaintiffs assert that, because a quiet title action is an *in rem* action, their personal liability on the Subject Loan is irrelevant and that only the unproven "fact" that the Subject Loan was allegedly marked "paidoff" is relevant.  (P.'s Opp. Mem., ECF No. 13-1 at 6.)  Plaintiffs

also argue that this is an issue of first impression for this Court.  *Id.*  Plaintiffs are mistaken on both counts.

Whether a borrower's unsatisfied obligation on a note is relevant to an *in rem* action to quiet title when the borrower alleges that the note was paid off by insurance proceeds is not an issue of first impression.  In *Henceroth*, the court directly addressed this very issue and determined that the plaintiffs' quiet title claim, based on the same arguments and allegations asserted here, should be dismissed with prejudice.  *Henceroth, v. HSBC Mortg. Corp.*, No. WDQ-12-1028, 2013 WL 142078, at *3-4 (D. Md. January 10, 2013).  Specifically, the court in *Henceroth* rejected that a noteholder's alleged receipt of insurance proceeds for a defaulted loan was grounds for a quiet title action and also rejected that the remaining personal obligation on the loan was irrelevant due to the *in rem* nature of the action.  *Id.*

As explained in *Henceroth*, Plaintiffs' personal obligations under the Subject Loan are not irrelevant to a quiet title action by the express terms of the Deed of Trust.  *Id.* at *4.  As the court in *Henceroth* pointed out and relied upon, the Deed of Trust (both here and in that case) expressly states that it secures the Subject Loan and further states that, under the Subject Loan, "***Borrower*** [defined as Plaintiffs] owes Lender [$500,000] plus interest, [and] ***Borrower*** [ ] promised to pay this debt in regular Periodic Payments and to pay this debt in full." (ECF No. 7-3 at 2, 4 (emphasis supplied).)  The Deed of Trust also states that it is released upon payment of all sums due on the Subject Loan and that the "Note shall be returned to ***Borrower***" and that "***Borrower*** shall pay any recordation costs." *Id.* at 12 ¶ 23 (emphasis supplied).  Thus, the Deed of Trust indicates that the lien is not released until Plaintiffs' obligations on the Subject Loan are met.  *See id.* at 2, 4, 12.  Even if insurance proceeds compensated Defendants, which Defendants

do not concede, Plaintiffs' "performance on the note would be necessary for release under the deed of trust." *Henceroth*, 2013 WL 142078, at *4.

Further, Plaintiffs' quiet title claim is also equitable in nature. *See* Md. Code. Ann. Real Prop. § 14-108. Granting the relief sought would work an inequitable windfall to Plaintiffs of free and clear title to the Subject Property when Plaintiffs have not met their obligations under the Subject Loan. *Henceroth*, 2013 WL 142078, at *4, n.14 ("If they were to receive the requested relief, the Henceroths would gain a windfall of free and clear title to their property; this result would be inequitable.") (citing *Am. Mortg. Network, Inc. v. Shelton*, 486 F.3d 815, 820 (4th Cir. 2007); *Simard v. White*, 383 Md. 257, 859 A.2d 168, 209 (Md. 2004)). As such, Defendants are under no obligation to satisfy the Deed of Trust and, just as in *Henceroth*, the Complaint must be dismissed with prejudice.

**B.    Plaintiffs' argument that they have "proof" that the Loan was paid off is based on material outside the pleadings and is not supported by Plaintiffs' own exhibits.**

Plaintiffs assert that the "fact" that the Subject Loan has been paid off is not speculative based on a declaration and exhibits thereto. (P's Opp. Mem., ECF No. 13-1 at 6-7.) Plaintiffs also assert that the mechanism of the alleged payment in full is irrelevant, despite pleading otherwise in their Complaint. *Id.* This argument is meritless and does not prevent dismissal of the Complaint.

As a threshold matter, the declaration and exhibits, on which Plaintiffs rely for their Opposition (ECF No. 13-2), are not integral to the Complaint; therefore, the Court may not rely upon them in deciding a motion to dismiss. *Cf. Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176,

180 (4th Cir. 2009).[1]   Thus, Plaintiffs have not elevated their claims above insufficient speculation and cannot survive a motion to dismiss.

Even if the Court could consider the declaration submitted by Plaintiffs, the quotes from the declaration relied upon by Plaintiffs are not clearly supported by its exhibits and, even if they were, they do not show that the Subject Loan in fact was paid in full or that insurance existed to make such payment.[2]   (*See* P.'s Opp. Mem., ECF No. 13-1 at 3.)   Setting aside that whether Deutsche Bank received insurance proceeds due to Plaintiff's default is *irrelevant* to Plaintiffs' claim,[3] the declaration and exhibits accompanying Plaintiffs' Opposition do not provide "direct proof" that the Subject Loan was actually "paid in full" as Plaintiffs allege. *Id.* at 3, 6.

It is the opinion of Plaintiffs' affiant that the documents he attaches to his declaration indicate that the Subject Loan was paid in full by some mechanism other than Plaintiffs. (ECF No. 13-2 at 3, ¶13.) However, neither Plaintiffs nor their affiant has shown that any entry in the exhibits to the declaration actually corresponds to the Subject Loan. Even if they had made such a showing, neither Plaintiffs nor their affiant has made any showing of the true import and meaning of a date entered under the "paidoff" column in Exhibit C to the Declaration. *See* ECF No. 13-2 at 8. Plaintiffs have not shown that such entry is not merely an accounting device or an entry used to indicated losses written off as uncollectable, or whether there is some other reason for such entry. Further, nothing in the declaration or its exhibits supports Plaintiffs' speculation that the Subject Loan has been paid in full by insurance proceeds.

---

[1] Defendants attached and relied upon the Deed of Trust (ECF No. 7-3), a document integral to Plaintiffs' Complaint; as such, the Court may consider the Deed of Trust in deciding the Motion. *See Philips*, 572 F.3d at 180; *Henceroth*, 2013 WL 142078, at *1 n.8 (considering deed of trust attached to motion to dismiss as document was integral to complaint asserting quiet title claim).

[2] *See Henceroth*, 2013 WL 142078, at *3 (stating that prospectus supplement for trust was not integral to complaint and, further, the material quoted from the supplement did not show that any insurance for defaulted loans existed or that the insurance covered the loan at issue).

[3] *Id.* at *3-4.

The declaration and its exhibits cannot be considered in deciding this motion to dismiss. Even if they could be considered, they do not raise Plaintiffs' allegations above mere speculation and are irrelevant as a matter of law, making Plaintiffs' Complaint subject to dismissal with prejudice. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *Henceroth*, 2013 WL 142078, at *3-5. Plaintiffs Opposition does not change that they have failed to identify the parties to the alleged insurance policy, any terms of the alleged policy, whether Deutsche Bank made a claim under the policy, whether any amounts were tendered by the insurer and, if so, how much was received by Deutsche Bank. Finally, Plaintiffs fail to disclose how their indebtedness under the Subject Loan was discharged by the payment of the "insurance benefits" to Deutsche Bank. The existence of insurance and its applicability to the Subject Property remains highly speculative and fails to meet federal pleading standards. *See Bell Atl. Corp.*, 550 U.S. at 547. Further, as explained above, Plaintiffs' claim to quiet title is futile under Maryland law and the only relevant fact regarding payoff of the Subject Loan is whether Plaintiffs caused it to be paid off, which they admittedly have not. As such, Plaintiffs' Complaint should be dismissed with prejudice.

## CONCLUSION

WHEREFORE, Defendants request that this Court dismiss with prejudice Plaintiffs' Complaint under Fed. R. Civ. P. 12(b)(6) as Plaintiffs have failed to state a claim and their allegations are based upon conclusions and pure speculation that are supported by neither fact or law.

Respectfully submitted,

_____/s/_____

Christopher M. Corchiarino (Bar No. 27844)
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
Telephone:  410-783-4038
Facsimile:  410-783-4040
cxc@gdldlaw.com

*Attorneys for Defendant,*
*Ocwen Loan Servicing, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 3rd day of May 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent a notification of electronic filing (NEF) to the following:

Douglas N. Gottron
Morris Palerm, LLC
416 Hungerford Drive, Suite 315
Rockville, Maryland 20850

*Attorneys for Plaintiff*

_____/s/_____

Christopher M. Corchiarino